**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Kenneth Djerf,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV-02-0358-PHX-JAT<br><br>DEATH PENALTY CASE<br><br><br>**ORDER AND AMENDED<br>CERTIFICATE OF APPEALABILITY** |

Pending before the Court is Petitioner's Rule 59(e) motion to alter or amend the judgment. (Dkt. 97) Also pending is Petitioner's motion to expand his certificate of appealability. (Dkt. 98.)

**Rule 59(e) Motion Regarding Claim One**

The Court rejected Petitioner's contention in Claim One that his waiver of counsel was involuntary because he was forced to choose between incompetent counsel and proceeding pro se. (Dkt. 95 at 12-18.) On reconsideration, Petitioner argues that *Von Moltke v. Gillies*, 332 U.S. 708 (1938) (plurality opinion), supplements *Faretta v. California*, 422 U.S. 806 (1975), and clearly establishes that when a defendant chooses to waive counsel, the court must engage the defendant in a thorough and searching colloquy to ensure that his choice is not constitutionally offensive. (Dkt. 98 at 3-5.) Petitioner contends that because such a colloquy was not conducted in his case, despite him having raised allegations of incompetent counsel, the Arizona Supreme Court erred in concluding that his waiver of

1  counsel was valid. (*Id.*)

2  Generally, Rule 59(e) motions to reconsider are appropriate only if (1) the court is
3  presented with newly discovered evidence, (2) the court committed clear error, or (3) there
4  is an intervening change in controlling law. *See McDowell v. Calderon*, 197 F.3d 1253, 1255
5  (9th Cir. 1999) (en banc) (per curiam). Petitioner does not seek reconsideration based on
6  new evidence or a change in the law, but upon contentions of clear error.

7  In *Faretta*, 422 U.S. at 835, the Supreme Court affirmed a defendant's right to waive
8  counsel and represent himself at trial, so long as defendant's waiver of counsel met
9  constitutional standards of being knowing, intelligent and voluntary. In *Faretta*, the Court
10 ruled that a constitutional waiver includes a colloquy with the defendant about the dangers
11 and disadvantages of self-representation and the difficulties involved in representing oneself
12 without legal training. *Id.*

13 In *Von Moltke*, the Supreme Court held that a trial court should conduct a thorough
14 and probing colloquy before accepting a written waiver of the right to counsel and allowing
15 a defendant to plead guilty, especially if the defendant had no counsel at the change of plea
16 hearing. 332 U.S. at 720-25. The Court also held that a defendant is entitled to conflict-free
17 counsel, meaning counsel that is devoted solely to their interests. *Id.* at 725. However, this
18 Court must consider the underlying factual circumstances when assessing the applicability
19 of the *Von Moltke* holdings.

20 In *Von Moltke*, the defendant was arrested during World War II for espionage and
21 criminal conspiracy, charges which ultimately could have resulted in a death sentence. *Id.*
22 at 709. After her arrest, she was isolated and interrogated for several days. *Id.* at 711-12.
23 Until receipt of her indictment more than three weeks later, she was not informed of the
24 specific charges against her and had no legal counsel. *Id.* at 712. At her arraignment, the
25 court interrupted the proceedings and required an attorney to represent her only for
26 arraignment. *Id.* at 712-13. This was the only time the defendant had counsel. *Id.* at 715.
27 Subsequently, she decided to sign a written waiver of counsel and plead guilty. *Id.* at 717.
28 At her five-minute change of plea hearing, the court did not inform her that a sentence of

1 death could be imposed, and did not ask whether she was able to hire an attorney, why she
2 did not want one or who had given her advice in connection with her change of plea. *Id.* at
3 717-18. Further, the court was not informed that FBI agents had provided the only advice
4 to her. *Id.* at 718.

5       The *Von Moltke* Court's reference to a searching and thorough colloquy with the
6 defendant at the change of plea hearing referred to the protective duty of the trial court
7 towards a defendant pleading guilty without benefit of the assistance of counsel. *See, e.g.,*
8 *Mikens v. Taylor*, 535 U.S. 162, 183-84 (2002) (Stevens, J., dissenting) (discussing the legal
9 context of the searching and thorough colloquy). The factual record in Petitioner's case is
10 readily distinguished from *Von Moltke*. Petitioner, like *Faretta*, already had counsel and was
11 not taking a plea; rather, Petitioner desired to waive counsel so that he could represent
12 himself at his trial. It is the *Faretta* waiver colloquy that establishes the constitutional
13 standard for defendants desiring to dismiss counsel. *See Patterson v. Illinois*, 487 U.S. 285,
14 308 (1988); *Cook v. Schriro*, 538 F.3d 1000, 1015 (9th Cir. 2008).

15       The Supreme Court has warned habeas courts not to usurp the AEDPA. *See*
16 *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004) (stating that the AEDPA would be
17 undermined if habeas courts introduced rules not clearly established under the guise of
18 extensions to existing law). The Arizona Supreme Court properly limited its legal analysis
19 to *Faretta*. *See State v. Djerf*, 191 Ariz. 583, 590-93, 959 P.2d 1274, 1281-84 (1998).
20 Habeas relief is only available for a state court decision that is contrary to or an unreasonable
21 application of a Supreme Court *holding*, *see Carey v. Musladin*, 549 U.S. 70, 117 S. Ct. 649,
22 653 (2006). As previously decided, the supreme court's denial of this claim was not an
23 unreasonable application of *Faretta*; therefore, Petitioner is not entitled to reconsideration
24 of Claim One.

25       Next, based upon a pre-AEDPA circuit case, *Crandell v. Bunnell*, 25 F.3d 754 (9th
26 Cir. 1994), Petitioner argues that a waiver of counsel is constitutionally offensive when a
27 defendant waives counsel due to counsel's ineffectiveness. Petitioner's argument has been
28 considered and rejected. (Dkt. 95 at 17-18.) In *Crandell*, counsel did not prepare or litigate

1 the defendant's capital case and in response the defendant moved to proceed *pro se* alleging
2 ineffective assistance of counsel. 25 F.3d at 755. At the hearing on his motion, the
3 defendant raised the issue but the trial court did not resolve it. *Id.* On appeal, the Ninth
4 Circuit remanded for an evidentiary hearing regarding whether defendant's waiver of counsel
5 was involuntary due to his allegations of ineffective assistance of counsel. *Id.*

6 Petitioner's case is factually and legally distinguishable from *Crandell*. First, unlike
7 counsel in *Crandell*, this Court has summarized counsels' actions and concluded that they
8 competently litigated Petitioner's case. (Dkt. 95 at 12-18.) Second, the trial court considered
9 and resolved Petitioner's allegations that counsel were not properly communicating with him.
10 *See Djerf*, 191 Ariz. at 591, 959 P.2d at 1282 ("The trial court explained to defendant that
11 his attorneys had been fully engaged, working on his behalf."). Thus, Petitioner was not
12 forced into a constitutionally offensive choice between self representation and ineffective
13 counsel. Moreover, a lack of communication between counsel and a criminal defendant,
14 without more, is generally insufficient to constitute ineffective assistance of counsel. *See*
15 *United States v. Molina*, 934 F.2d 1440, 1448 (9th Cir. 1991); *see also United States v.*
16 *Ceballos*, 302 F.3d 679, 696 (7th Cir. 2002).

17 Finally, citing *Crandell*, Petitioner requests an evidentiary hearing to determine
18 whether counsel were performing ineffectively at the time he moved to proceed *pro se*. (Dkt.
19 97 at 5-12.) This Court has already concluded, agreeing with the Arizona Supreme Court,
20 that counsel in Petitioner's case were performing effectively at the time he moved to proceed
21 *pro se*. (*See* Dkt. 95 at 12-18.) Although Petitioner disagrees, a motion for reconsideration
22 is not the time to ask the court to "rethink what it has already thought through." *See United*
23 *States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (further quotation omitted).

24 **Certificate of Appealability Regarding Claims One, Two and Six**

25 Petitioner moves to expand his certificate of appealability to add Claims One, Two
26 and Six. (Dkt. 98.)

27 Claim One

28 Relying on Ninth Circuit precedent in *Crandell*, Petitioner argues that reasonable

- 4 -

jurists could disagree with this Court's conclusion that he was not forced to proceed *pro se* due to incompetent counsel. (*Id.* at 5.) In light of Petitioner's latest arguments, the Court concludes that Claim One is adequate to be brought on appeal.

<u>Claims Two and Six</u>

Petitioner argues that the Court should reconsider its ruling and expand the certificate of appealability to include Claims Two and Six. (Dkt. 98 at 6-8.) The Court has considered the request but declines to expand the certificate of appealability to include these two claims.

Accordingly,

**IT IS HEREBY ORDERED** denying Petitioner's motion to alter or amend judgment (Dkt. 97).

**IT IS FURTHER ORDERED** granting, in part, and denying, in part, Petitioner's motion to expand his certificate of appealability (Dkt. 98). The certificate of appealability is amended to include the following issues:

> Whether the Court erred in determining that Claim One, alleging that Petitioner's waiver of counsel was involuntary because he was forced to proceed *pro se* due to incompetent counsel, is without merit.

> Whether the Court erred in determining that Claim Four, alleging ineffective assistance of at sentencing based on counsel's failure to investigate and present mitigation information regarding his dysfunctional family background and mental health, is without merit.

DATED this 30th day of October, 2008.

James A. Teilborg
United States District Judge