**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Kenneth Djerf, | No. CV-02-00358-PHX-JAT |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| Charles L. Ryan, et al., | **ORDER** |
| Respondents. | |

Before the Court is Petitioner's Motion for Leave to Issue Subpoena. (Doc. 117.) Petitioner seeks access to "sealed psychological reports" concerning his now-deceased post-conviction counsel. (*Id.*) Respondents oppose the motion. (Do. 120.)

On remand from the Ninth Circuit Court of Appeals, this Court must reconsider, in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), Petitioner's claims of ineffective assistance of trial and appellate counsel. Petitioner asserts that access to the confidential psychological reports is necessary to "support his assertion that [post-conviction counsel] suffered a psychotic break while representing him and that, as a result, she was unable to provide minimally competent representation to him in his capital state post-conviction proceedings." (Doc. 117 at 4.)

Habeas petitioners are not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a petitioner must demonstrate "good cause" for the discovery under Rule 6, foll. 28 U.S.C. § 2254. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908–09. Petitioner cannot make such a showing with respect to post-conviction counsel's sealed psychological records.

In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. Under *Martinez*, a federal habeas court may consider a prisoner's procedurally defaulted ineffective assistance of trial counsel claim if he establishes (1) that his state post-conviction counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), in failing to raise the ineffective assistance of trial counsel claim in state court, and (2) that the unraised claim is substantial. *Id.* at 1318. *Martinez* does not establish a stand-alone right to effective assistance of post-conviction counsel.

Applying *Strickland* to post-conviction counsel's performance "calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." *Harrington v. Richter*, 131 S. Ct. 770, 790 (2011); *see Strickland*, 466 U.S. at 688 (proving deficient performance requires a showing "that counsel's representation fell below an objective standard of reasonableness"). The information contained in post-conviction counsel's sealed psychological records is not

relevant to an objective assessment of her performance. The question is not counsel's mental state, but whether the choices she made in representing Petitioner were objectively reasonable. *See, e.g.*, *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998).

Petitioner has not established good cause for the requested discovery. Accordingly,

**IT IS ORDERED** denying Petitioner's Motion for Leave to Issue Subpoena. (Doc. 117.)

Dated this 12th day of February, 2015.

James A. Teilborg
Senior United States District Judge